MILLERICK, EXECUTRIX, v. BENEFIT ASSOCIATION OF RAILWAY EMPLOYEES.

4-6731                                            161 S. W. 2d 205

Opinion delivered April 27, 1942.

James Merritt, for appellant.

John M. Lofton, Jr., and Owens, Ehrman & McHaney, for appellee.

HOLT, J. This cause originated in the justice of the peace court for Bowie township, Desha county, Arkansas,

June 2, 1941. In this suit J. H. Millerick sought to recover benefits alleged to be due under the sickness provisions of an insurance policy carried by him with appellee, Benefit Association of Railway Employees. Appellee defended on the ground that the policy had lapsed for failure to pay premiums. July 14, 1941, Mr. Millerick died and October 21, 1941, the action was appealed to the circuit court by appellee and revived in the name of appellant. On this latter date the cause was heard before the circuit court, sitting as a jury, and the issues determined in favor of appellee, Benefit Association. This appeal followed.

The record discloses that on June 3, 1933, J. H. Millerick, the deceased, obtained from appellee a policy of insurance, and delivered to it a pay roll deduction order, directing his employer, The Missouri Pacific Railroad Company, to deduct from his salary each month $3.60, the amount of the premium due upon said insurance policy. The policy provides in part that "The Association hereby insures J. H. Millerick . . . by occupation locomotive engineer, from 12 o'clock noon of the above date . . . until 12 o'clock noon . . . on the same date of the month following and for such terms of one calendar month each thereafter as the monthly premium of $3.60 paid by the insured will continue this policy in force."

The deduction order was deposited with the railroad company in St. Louis, Missouri, and deductions were begun as of June 19, 1933, and continued by the railroad company and remitted to the insurance company, appellee, each month up to and including March, 1939. At this time Mr. Millerick changed his place of work. We quote from his testimony: "Q. Did you change? A. Yes, I changed place of work. Q. Did you have a new timekeeper on that other division? A. I don't know. I don't think so, think same timekeeper in St. Louis." The railroad company made no deduction from Mr. Millerick's pay roll for April, 1939, or for any month subsequent thereto, and appellee insurance company received no premium from anyone after March, 1939. During the time from and including April, 1939, through January,

1941, Mr. Millerick was earning and receiving an average of $312 per month from the railroad company.

Appellee, having received no premium payments upon the policy in question after March, 1939, wrote a letter to Mr. Millerick in part as follows: "September 1, 1939. File—63608 old—J. W. Millerick. Dear Brother: For some time past, no deduction has been reported from your earnings by the railroad company by whom you are employed, covering the monthly premiums on your health and accident policy, and it has now lapsed. This may be due to your being transferred or temporarily laid off. A lapsed policy is of no value to anyone and we could not give you claim service if you were disabled. . . . The association issues policies covering all classes of railroad occupations, which give full coverage at unusually low rates. You cannot afford to work on a railroad without B.A.R.E. health and accident coverage. If you have been laid off, we will gladly reinstate you if a remittance of one month's premium is sent into the home office. If you have been transferred, please let us know immediately your present occupation and where employed, and we will place you on our billings and automatically reinstate your policy as soon as deductions are made. May we hear from you in the enclosed self-addressed envelope which does not need a stamp? Fraternally yours, F. B. Ahara, Vice-President."

Mr. Millerick admitted having received this letter either in the fall of 1939 or in the fall of 1940. We quote from his testimony on this point: "Q. Didn't the company as of the date of September 1, 1939, write you? A. Don't think the date is right, it was long in the fall before I got back that I got this letter. I couldn't tell you the date, I left the letter on the engine. . . . Q. Either in the fall of '39 or the fall of '40 you got a letter? You did receive a letter from the company at some date, either in the fall of '39 or '40 to the effect that your premium had not been paid for some time prior thereto, is that correct? A. Yes."

Mr. Millerick also admitted that he did nothing after the receipt of this letter to pay the premium due or anything in an effort to reinstate his policy.

In February, 1941, Mr. Millerick became disabled within the terms of the policy and subsequently made demand for indemnity and was informed by appellee that his policy had lapsed.

For reversal appellant earnestly argues here (quoting from her brief) "That the policy never lapsed as from March, 1939, to January, 1941. Mr. Millerick earned from the M. O. P. Ry. Co. from March, 1939, to January, 1941, $7,176.75, the smallest amount of his monthly earnings was $223.17 and the largest $533.66, an average of $312 each month from March, 1939, to January, 1941. That the appellee could have collected the monthly premiums on the deduction order it held if proper demand had been made on the railroad company for them in that the deduction order nor the policy was ever canceled; that the letter did not constitute notice sufficient to lapse the policy because the appellee negligently and carelessly failed and refused to make proper demand for the insurance premiums." To support her contention, appellant relies on the case of *Pacific Mutual Life Ins. Co.* v. *Harris,* 187 Ark. 772, 63 S. W. 2d 219.

We think, however, that the Harris case does not control here and is clearly distinguished from the instant case on the facts. The Harris case seems to have been predicated on the failure of the insurance company to notify, or make demand, for the payment of the premium in question. In the instant case, however, the appellee insurance company, after waiting from April until September, 1939, and having received no premiums, proceeded by letter to notify Mr. Millerick of that fact, in addition informed him that his policy had lapsed and offered to reinstate his policy if he would remit one month's premium. There was no requirement for a physical examination. In addition to this notice by appellee to Mr. Millerick that premiums were not being received, that his policy had lapsed and demand for premium payments, Mr. Millerick had the additional information that his premiums were not being paid from the fact that the monthly premium payments of $3.60 were not being deducted from his pay check on or after April, 1939, since he was drawing all the money due him. Cer-

tainly, therefore, he must have known that the railroad company was not paying his monthly.premiums when all his wages were being paid to him.

After appellee, insurance company, had given the insured, Millerick, direct notice that his policy had lapsed for failure to pay premiums, no further duty rested upon appellee to make demand upon the railroad company or anyone else for the payment of the premiums in question. It was within the power of Mr. Millerick to lapse the policy in question if he so desired and this, we think, Mr. Millerick did in the instant case.

The principles announced in the following cases, we think, apply here:

In *Pacific Mutual Life Ins. Co.* v. *Walker*, 67 Ark. 147, 53 S. W. 675, this court held (quoting headnote No. 3 from the Southwestern Reporter): ''Where an insured gives an order to a railroad company to pay part of his future wages to an insurance company in payment of an installment of premium on an accident policy, which order the insurance company accepts, and the railroad company retains funds in its hands belonging to the insured to pay said premiums, and the insurance company does not collect it, and does not return the order, or make any effort to notify the insured that it is unpaid, the insured, on suffering loss, is entitled to recovery, though said premium is not paid.''

We think the effect of this holding is to relieve the insurance company of all liability upon the giving of notice and demand to the insured, as was done in the instant case.

In *Benefit Association of Railway Employees* v. *Hancock*, 248 Ky. 315, 58 S. W. 2d 578, it is said: ''It devolves upon the insurer to present the order for the payment as the installments fall due and in case of the nonpayment to notify the insured of their nonpayment as a prerequisite of its right to insist on a forfeiture thereof.''

And in *Stewart* v. *Continental Casualty Co.*, 229 Ky. 634, 17 S. W. 2d 745, 67 A. L. R. 175, this language is used: ''But the insured, in a case like this, when he has provided for the payment when due, and the premium

made is in the possession of the defendant or under its control, payment will be deemed to have been made, until the insured is notified by the defendant to the contrary."

On the whole case, finding no error, the judgment is affirmed.